## 10164

THOMAS v. NORTHWESTERN R. CO. OF SO. CAROLINA *ET. AL.*

(98 S. E. 336.)

CARRIERS—DEMURRAGE CHARGES—REFUSAL TO PAY—SALE OF SHIPMENT.—
A shipper *held* not entitled to recover value of lumber sold by terminal carrier to pay freight and demurrage charges, where new consignee to whom plaintiff shipper directed initial carrier to divert shipments defaulted in giving instructions, and where instructions finally received gave notice that no demurrage charges would be paid after a certain day.

Before GARY, J., Clarendon, Fall term, 1917. Reversed.

Action by F. C. Thomas against the Northwestern Railroad Company of South Carolina and another. Motion for directed verdict denied, and the Atlantic Coast Line Railroad appeals.

*Messrs. Mordecai & Gadsden & Rutledge,* and *Purdy & O'Bryan,* for appellant, cite: *As to the refusal of motion for directed verdict:* 3 I. C. C. 527; 40 I. C. C. 84; 45 I. C. C. 547. *As to appellant not being responsible for any negligence of the initial carrier, the Northwestern R. R. Co. of South Carolina:* 158 U. S. 98; 202 U. S. 242; 204 U. S 445; 219 U. S. 498; 225 U. S. 155; section of the Interstate Commerce Act, par. one; the Elkins Act; 22 I. C. C. 75; 29 I. C. C. 632; Conference Rulings (of the Interstate Commerce Commission) 72 and 114; 40 I. C. C. 554; 12 I. C. C. 418; 106 S. C. 1; 90 S. E. 184; 101 S. C 11; 85 S. E. 168; 105 S. C. 51; 89 S. E. 476.

*Mr. W. C. Davis,* for respondent.

February 19, 1919.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action to recover the value of three carloads of lumber delivered to the defendants railroad companies, which were sold by the appellant to pay freight and demurrage charges.

There are several exceptions raising interesting questions of interstate commerce law, yet, in the view the majority of this Court takes in regard to this case, they are unnecessary to a decision, and need not be considered.

At the close of the testimony the appellant moved for a direction of a verdict in its favor, on the plaintiff's cause of action, but did not include the counterclaim. A short statement of the facts will show that the motion should have been granted.

On the 13th of May, 1916, the plaintiff shipped three car-loads of lumber to Bay Lumber Company, Norfolk, Va. He delivered the cars to the Northwestern Railroad Company at Bloomville, S. C., and the Northwestern delivered the cars to the Atlantic Coast Line at Sumter. The cars went forward promptly to Norfolk. A few days later the plaintiff notified the Northwestern to divert the cars to Barker Bond Lumber Company, of Brooklyn, N. Y., "who would furnish directions."

The record contains a letter from the Barker Bond Lumber Company that reads as follows:

Exhibit D—Telegram: "New York 5:30 p. m., 36; F. C. Thomas, Manning, S. C. We gave forwarding orders on three cars two by ten May thirty-first to NYP & N agt, Norfolk. If cars still on hand Southern Road you should order forward as we assume you had ordered cars to us NYP&N delivery. You better order forward Flatbush Station, Brooklyn to avoid further delay. Barker Bond Lbr. Co. 7 p. m."

There is nothing in the record to show that the Atlantic Coast Line ever received these instructions. Up to the 29th of June there was no evidence in the record to show that the Northwestern had received any shipping instructions, and when they were received it was accompanied with notice that no demurrage charges would be paid after May 31st. The Coast Line held the cars until some time in the fall of the year, when they were sold for demurrage and freight charges. The plaintiff complains that he was not notified that the cars were being held and he thought they had been delivered. Practically the plaintiff ordered the Coast Line to hold the lumber for instructions. The plaintiff appointed the new consignee his agent to furnish the shipping instructions. The default was the default of the plaintiff through his agent for that purpose, and not the default of either defendant.

It needs no citation of authority to show that the Coast Line could not have remitted any of the freight or demurrage charges without incurring the penalty for discrimination.

The verdict should have been directed, and the judgment is reversed.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY (*dissenting*).   This is an action for damages.   The complaint (omitting the formal parts thereof) is as follows:

"3.   That on or about the 15th day of May, 1916, the plaintiff delivered to the defendant, Northwestern Railroad Company of South Carolina, at Bloomville, S. C., three cars of lumber, the property of the plaintiff, and of the aggregate value of four hundred and fifty-two and 31-100 dollars, consigned to Bay Lumber Company at Norfolk, Va., which the said defendant received and agreed to deliver to the said consignee at Norfolk, Va., in consideration of the payment of its usual freight charges.

"4.   That during the transit of the said three cars of lumber, the plaintiff ordered the defendant, Northwestern Railroad Company of South Carolina, to divert the said three cars of lumber from the Bay Lumber Company at Norfolk, Va., to Barker-Bond Lumber Company, Brooklyn, N. Y., and the defendant, Northwestern Railroad Company of South Carolina, agreed to so divert the said three cars of lumber, and to deliver them to their new consignee at Brooklyn, N. Y., in consideration of the additional freight charges for such service, and plaintiff is informed and believes that the defendant, Northwestern Railroad Company of South Carolina, diverted the said three cars of lumber as directed while in the possession of the defendant, Atlantic Coast Line Railroad Company, the last mentioned company agreeing to such diversion, and undertaking to perform its duty in that behalf.

"5. That notwithstanding such agreement of diversion and to forward to their new consignee the plaintiff's said lumber, the defendants so negligently conducted themselves in that behalf that the said three cars of lumber were never forwarded to the new agreed consignee, but, according to plaintiff's information and belief, were allowed to remain upon demurrage at Norfolk, Va., without any notice to the plaintiff or his new consignee, until about the 3d of June, 1916, and thereafter plaintiff and his consignee repeatedly endeavored to have the cars forwarded as agreed upon, and plaintiff is informed and believes, permitted the said cars to remain · upon demurrage in possession of the defendant, Atlantic Coast' Line Railroad Company, until the value of the said lumber was exhausted by such charges, and were sold 'in November, 1916, to satisfy the same, to plaintiff's great damage four hundred and fifty-two and 31-100 dollars."

The defendant, Northwestern Railroad Company, admitted that it received for shipment the three cars of lumber set out in the complaint, and denied the other material allegations thereof.

"The appellant, the Atlantic Coast Line Railroad Company, denied that it agreed to divert the shipment of lumber, and alleged that it sold the same in due accordance with law for accumulated freight and demurrage charges, and further alleged that even had it agreed to divert the lumber, such diversion would have been improper and illegal, and in violation of its legal duty under its duly filed tariffs, as filed in accordance with the Federal Interstate Commerce Act, and set up and invoked the protection and benefit of such Federal acts; and set up as a counterclaim the deficit of the proceeds of the sale of the lumber, and the accumulated charges, and demanded judgment for $202.32."

The jury rendered a verdict in favor of the plaintiff for $452.31; also a speial verdict that, as between the two defendants, it should be paid by the appellant.

There was a motion for the direction of a verdict, but it was properly overruled, as there was testimony tending to prove the allegations of the complaint that the appellant failed to give such notice as was required under the circumstances.

Conceding that a diversion of the shipment, as alleged in the complaint, would have been in violation of the regulations under the Federal laws (Act February 4, 1887, c. 104, 24 Stat. 379), this would not, however, be conclusive of the case.

The question upon which the case turns is whether the appellant had the right to keep the cars in its possession for an unreasonable length of time without giving notice to the plaintiff that it refused to divert the cars, and that they were still in its possession, thereby subjecting the plaintiff to a demurrage account, exceeding in amount the total value of the lumber by $202.32.

We do not deem it necessary to cite authorities to sustain a proposition that shows upon its face that it is against justice and equity.

Even if his Honor, the Circuit Judge, was in error in some of his rulings, they were not prejudicial to the rights of the appellant.

For these reasons I dissent.

MR. JUSTICE WATTS concurs in the dissenting opinion.